# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 43

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMMIE RAY PITTMAN, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a Memorandum filed on August 17, 2006 by the United States Probation Office advising that the defendant had completed the Jail Based Inpatient Treatment Program. In an Order of Detention filed on June 20, 2006, the undersigned advised the defendant's counsel that the court would reconsider the issue of the defendant's detention based upon a change of circumstances, that being the completion of the Jail Based Inpatient Treatment Program, and it appearing to the court at the call of this matter on for hearing that the defendant was present with counsel and that the Government was present through Assistant United States Attorney, Jill Rose and from the evidence offered the court makes the following findings:

**Findings**. The Government has introduced into evidence the Memorandum of the United States Probation Office filed on August 17, 2006. In the Memorandum, the United States Probation Office recommended that the defendant remain in custody pending disposition of his case based upon the following factors:

1) Lengthy criminal record;

2) History of failures to appear;

3) History of probation/parole violations and revocation;

4) Unstable employment history; and

5) New arrests during periods of supervision.

The Government then presented testimony through Robert Spangler, a patrol officer with the Morganton, North Carolina Department of Public Safety. Officer Spangler testified that on May 21, 2005 that he had stopped the defendant's vehicle for erratic driving in the parking lot of the Advanced Auto Parts Store in Morganton, North Carolina. As Officer Spangler approached the vehicle, the defendant exited from under the driver's seat and began walking in the direction of the front of the vehicle away from Officer Spangler. Officer Spangler approached the defendant and told the defendant to stop. The defendant then turned around and in one hand the defendant had a pistol and in the other hand the defendant had a purple "Crown Royal" bag. The defendant then told Officer Spangler that he had a pistol and the defendant then pointed the pistol at Officer Spangler. At that time, Officer Spangler was approximately twenty feet away from the defendant. Officer Spangler then retreated back to his patrol car to seek cover behind the door of the patrol car. The defendant followed Officer Spangler and began approaching the car all the while pointing the pistol at the office.. Officer Spanger then told the defendant to stop and to cease pointing the firearm at the officer. Officer Spangler repeated this command several times to the defendant. At

2

that time, the defendant then threw the pistol into a grassy area. Officer Spangler then approached the defendant; searched the bag and found methamphetamine, a scale, and a pocket knife. A search of the vehicle revealed marijuana and a recipe for making methamphetamine.

Donny Dellinger, testified that he is employed as a narcotics officer with the Burke County Sheriff's Office. In June 2006, Officer Dellinger along with other officers from the Caldwell County Sheriff's Office attempted to arrest the defendant on the charges pending against the defendant pending in Federal Court. The defendant attempted to flee from the officers and hid himself in a wooded area near where the defendant was residing. Upon being found by a canine the defendant told Officer Dellinger that he thought the officers were wildlife officers and that they were going to arrest the defendant for some type of fishing or wildlife violation.

The court hereby incorporates by reference the findings as set forth in the Order of Detention filed on June 20, 2006.

The defendant presented evidence that he had completed the Jail Based Inpatient Treatment Program. Evidence was further presented by the defendant's father, James Pittman. Mr. Pittman testified that he had a fit and suitable residence in which the defendant could reside and that Mr. James Pittman would be happy to act as a custodian for the defendant. The defendant's father further presented documentation showing that the defendant's father had obtained employment for the defendant in the construction industry.

**Discussion.** The undersigned has reconsidered the release of the defendant, pursuant to the factors as set forth under 18 U.S.C. § 3142:

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

After reconsidering all factors, the undersigned finds that the evidence as to factor

(g)(2), that being the weight of the evidence, has changed. From the testimony of Officer Spangler, it would appear that the evidence against the defendant is strong, significant and compelling. In regard to the other factors, it would appear that the defendant has completed the Jail Based Inpatient Treatment Program and has a suitable place within which to reside and employment. However, comparing the evidence presented with the factors concerning the nature and seriousness of the danger to any other person or the community that would be posed by the person's release indicates that the defendant should be detained. The pointing of the firearm at Officer Spanger when only twenty feet away from Officer Spangler and in the parking lot of a busy mercantile business created a great risk of danger. Indeed, it is remarkable that Officer Spangler did not fire upon the defendant and it was only through his training and courage that he did not do so. It is further remarkable that the defendant did not fire upon Officer Spangler. All of the above events occurred in a business mercantile parking lot where other persons could have been endangered. To release the defendant after his commission of such an act would create a potential of danger to other persons in the community. As a result, the undersigned is determined to enter an order detaining the defendant pending further proceedings herein.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: September 12, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge